## McMahan *versus* Davis.

Articles of agreement were made between D. and P. for the purchase of a tract of land. P., the vendee, assigned his interest to M., who took possession. Afterwards a paper was executed between the vendor and vendee, settling all questions respecting *the quantities and boundaries of the land*, and the vendor agreed to pay to the vendee $20 *in consideration thereof*. It was further stated in the paper, "that this was not to interfere with claims between D. (the vendor) and M. (the assignee who was defendant in the action), or between P. (the vendee) and M., and settles all demands and rights of action between said *P. and D.*:"

It was *held*, that the legal construction of the paper was not such as to extinguish the vendor's right to the purchase-money of the land; and that parol evidence that it was not intended by the parties, by the execution of the paper, to release the purchase-money of the land and that the scrivener was so directed to write the instrument, having proved no more than the writing established without it, its admission was not a ground of error.

ERROR to the Court of Common Pleas of *Mercer county*.

This was an ejectment to June Term, 1850, by Hezekiah Davis *v.* Thomas McMahan and Samuel Potter, for about 20 acres of land. The suit was brought to recover the balance of purchase-money alleged to be due under certain articles of agreement between Davis, the plaintiff, and Potter, one of the defendants, for the sale of the land in dispute. After the title of the plaintiff was shown, McMahan, one of the defendants, who was in possession of the land, gave in evidence the articles of agreement between Davis and Potter, dated 15th May, 1838, for the sale of the land, on which was endorsed an assignment from Potter to McMahan.

With a view of showing the settlement or payment of the purchase-money of the land, McMahan further gave in evidence a written agreement between Davis and Potter, as follows:

"Whereas litigation is expected between Samuel Potter and Hezekiah Davis, concerning a piece of land now *owned by* McMahan, said Davis and Potter hereby settle all rights of action and suits concerning the quantity and boundaries of said land, and the said H. Davis hereby agrees to pay, in consideration thereof, the sum of twenty dollars, to be paid to said Potter on the first day of May next. This not to interfere with claims between Davis and McMahan, or Potter and said Thomas McMahan; and this settles all demands and rights of action between said Potter and Davis.

"Signed,               "HEZEKIAH DAVIS,
                                "SAMUEL POTTER."

"February 24, 1848."

On the part of the *plaintiff* it was offered to prove by witnesses who were present at the execution of the writing, that the agree-

[McMahan v. Davis.]

ment received in evidence related only to the quantity and bound-
ary of the land, and did not embrace the purchase-money; and
that at the same time it was understood and agreed by the parties,
that *McMahan*, who had purchased Potter's interest, should pay
the balance of the purchase-money, and that these were the in-
structions given to the scrivener who drew the writing of 24th
February, 1848, and that the parties signed it for the purposes
and with the intention aforesaid; to be followed by proof of Mc-
Mahan's acknowledgment of his indebtedness.   This was objected
to as varying the terms of the writing, and as affecting the rights
of McMahan.   The objection was overruled, and exception taken.

In answer to points, AGNEW, J., charged, "that there was no
evidence that the balance of the purchase-money, $150, was paid,
except as the writing would show.   He instructed the jury that on
the testimony received, the plaintiff was entitled to a conditional
verdict."

Verdict for plaintiff to be released on the payment of $256.90,
within one year, with interest; the plaintiff to file a deed according
to the contract in the prothonotary's office before the payment of
the money, and to be delivered to the defendant on payment
thereof, &c.

Error was assigned to the admission of the parol testimony, and
to the answers of the Court.

*Baskin,* for plaintiff in error.
*Stephenson,* for defendant.

The opinion of the Court was delivered, October 11, by

BLACK, C. J.—Davis sold land to Potter by articles of agree-
ment.   Potter assigned his interest under the agreement to
McMahan, who went into possession.   This suit is brought to en-
force payment of the purchase-money.   The defence taken at the
trial was that the purchase-money was already paid, and to prove
it a paper was put in signed by Davis and Potter, of which the
following is a copy: "Whereas, litigation is expected between
Samuel Potter and Hezekiah Davis concerning a piece of land
now owned by McMahan, said Davis and Potter hereby settle all
rights of action and suits concerning the quantities and bounda-
ries of said land, and the said Davis hereby agrees to pay, in con-
sideration thereof, the sum of $20, to be paid to the said Potter
on the 1st day of May next.   This not to interfere with the claims
between Davis and McMahan, or Potter and the said Thomas
McMahan, and this settles all demands and rights of action be-
tween said Potter and Davis."   To neutralize the effect of this
paper, evidence was offered and admitted to show that it was not
intended to release the purchase-money of the land, and that the
scrivener was so directed to write it.

[McMahan *v.* Davis.]

Was parol evidence admissible, under the circumstances, to reform this writing? We do not decide this. But if the writing itself expresses what the parol evidence proves to have been the intention of the parties, then the admission of the latter did no harm, for, with it or without it, the judgment must have been the same.

It is to be observed that the writing is between Davis and Potter, who was not, at the date of it, the owner of the land, and Davis doubtless looked to the land, or to the person to whom Potter had sold it, for the balance due on the agreement, and therefore it is not likely he would suppose a release of the purchase-money to be comprehended in the settlement of demands between him and Potter. It is expressly declared that the rights of action and suits settled between them concern the quantity and boundaries of the land owned by McMahan. The consideration for the settlement is paid by Davis to Potter. It expressly reserves and excludes all claims between Davis and McMahan, or Potter and McMahan, a provision which cannot be understood at all unless it is referred to the purchase-money, which McMahan owed, and was bound to pay to one or the other. The last clause of the concluding sentence, though very general in its terms, must be construed with reference to what goes before, and with a due regard to what seems the main intent of the whole instrument.

For these reasons we are of opinion that the legal construction of the paper is not such as to extinguish the plaintiff's right to the purchase-money, and that the parol evidence having proved no more than what the writing proved without it, the judgment is right.

Judgment affirmed.